MARK E. LAFRANCE *vs.* TRAVELERS INSURANCE COMPANY. No. 91-P-511. June 24, 1992. *Insurance*, Liability insurance, Construction of policy. *Contract*, Insurance.

While under the influence of alcohol, LaFrance drove his automobile into a tree. He had been drinking at Krista's, a restaurant and bar in South Hadley. LaFrance sued the bar for negligently furnishing him with alcoholic beverages and for negligently continuing to serve him. The bar and LaFrance entered into an agreement for judgment, and, in addition, the bar (which was insured by Travelers) assigned all its rights, title, and interest in all claims and causes of action it had against Travelers to La-France. Arguing that the acts alleged by LaFrance were specifically excluded by the policy, Travelers denied that it had any duty to defend or indemnify the bar in any legal action stemming from LaFrance's claims. A judge of the Superior Court agreed, and we affirm.

The policy at issue contains an exclusion for bodily injury arising out of the sale or serving of alcoholic beverages by an insured engaged in the business of selling or serving alcoholic beverages. LaFrance argues that the exclusion is ambiguous and that it therefore does not prevent him from recovering from Travelers. In *Mitcheson v. Izdepski, ante* 903 (1992), the same language was construed, and we held that the "language of the exclusion is clear and unambiguous." *Id.* at 904-905, quoting from *Newell-Blais Post #443, Veterans of Foreign Wars of the U.S., Inc.* v. *Shelby Mut. Ins. Co.*, 396 Mass. 633, 638 (1986). "The disputed exclusion is common to insurance policies covering establishments that distribute alcoholic beverages and has been found free of ambiguity and been uniformly applied by 'a host of states.'" *Id.* at 905.

LaFrance also argues that the bar is covered under the broad form comprehensive general liability endorsement in the policy. Again, LaFrance is in error. Section II of the endorsement does extend liability coverage to the bar for personal injury, but the definition of personal injury on the policy is very limited. It does not include bodily injury.[1] We cannot disregard the

---

[1] "Personal injury" is defined in the policy as "injury arising out of one or more of the following offenses committed during the policy period: (1) false arrest, detention, imprisonment, or malicious prosecution; (2) wrongful entry or eviction or other invasion of the right of private occupancy; (3) a publication or utterance (a) of a libel or slander or other defamatory or disparaging material, or (b) in violation of an individual's right of privacy; except publications or utterances in the course of or related to advertising, broadcasting, publishing or telecasting activities conducted by or on behalf of the named insured shall not be deemed personal injury."

plain language of the policy to interpret the term "personal injury" in its ordinary lay fashion. See *Reliance Ins. Co.* v. *Aetna Cas. & Sur. Co.*, 393 Mass. 48, 52 (1984). To do so would be to discount the definitional paragraph altogether, thus rendering the section meaningless. See *Worcester Mut. Ins. Co.* v. *Marnell*, 398 Mass. 240, 245 (1986).

Having found no duty to defend or indemnify on Travelers' part, we need not decide the G. L. c. 93A question. We also reject LaFrance's "reasonable expectation" argument: there is neither an ambiguity in the policy, nor are the terms in the policy "bizarre or oppressive." *Markline Co.* v. *Travelers Ins. Co.*, 384 Mass. 139, 142 (1981). See also *Bond Bros.* v. *Robinson*, 393 Mass. 546, 551 (1984).

*Judgment affirmed.*

*Louis Kerlinsky* for the plaintiff.

*Richard R. Eurich* (*Mary M. Perry* with him) for the defendant.