Whitehead, J.
This is an action seeking a declaratory judgment as to the availability of coverage under an insurance policy issued by the defendant to the plaintiffs mother and father. The plaintiff maintains that the policy does afford coverage for injuries he sustained in an auto accident. The defendant contends that the policy does not apply because of an exclusionary clause in the policy. Both parties have moved for summary judgment. For the reasons stated below, the court grants summary judgment to the defendant.
BACKGROUND
The facts in the case are undisputed; thus, it is ripe for disposition on summary judgment. The plaintiff is the son of Sandra and Wayne Sharpe. He resides with them in their home, in Billerica. The Sharpes purchased from the defendant a primary insurance policy and an excess coverage policy that covered Sandra Sharpe’s vehicle.
On March 26, 1994, the plaintiff sustained severe injuries while a passenger in the covered vehicle.[1] The vehicle collided with a commercial building. Following the accident, the plaintiff presented a claim for damages to the defendant. The defendant, claiming that the policy did not cover the plaintiff, has refused to pay under the excess policy but has paid the policy limits of coverage afforded under the primary policy. Defendant relies upon the following policy language:
I. DEFINITIONS
3. “insured” means you and the following:
a. residents of your household, but only if:
(1) related to you by blood, marriage or adoption; or
(2) under the age of 21 and in the care of anyone named above;
but such residents are not insured as to the ownership, maintenance or use of a motor vehicle, aircraft or watercraft owned by such resident;
II. COVERAGE — PERSONAL EXCESS LIABILITY.
This policy also does not apply to:
g. Personal injury to any insured.
DISCUSSION
“A motion for summary judgment is proper where no material facts are in dispute.” Miles v. Aetna Casualty & Sun Co., 412 Mass. 424, 426 (1992). See also Thattil v. Dominican Sisters of Charity of the Presentation of the Blessed Virgin, Inc., 415 Mass. 381, 385 (1993) (interpretation of term “named insured” under auto insurance policy).
“A declaratory judgment in an action provides an appropriate means of deciding a dispute concerning the meaning of language in an insurance policy.” Lumbermens Mut. Casualty Co v. Belleville Indus., Inc., 407 Mass. 675, 685 (1990). The responsibility of construing the language of an insurance contract is a question of law for the trial judge. Cody v. Connecticut Gen. Life Ins. Co., 387 Mass. 142, 146 (1982).
Plaintiff advances two contentions in support of his claim of coverage. The first is that the clause defining an “insured,” when read as a whole, creates an ambiguity in the policy, and that ambiguities in an insurance policy must be construed in favor of coverage. See Lumbermens Mutual Casualty Co. v. Offices Unlimited, Inc., 419 Mass. 462 (1995). The plaintiffs second contention is that enforcing the exclusionary clause would defeat the consumer’s “reasonable expectations.” See e.g. Jefferson Insurance Company of New York v. Holyoke, 23 Mass.App.Ct. 472 (1987).
1. AMBIGUITY
Plaintiff contends that the language contained within subparagraph 3.a., when read as a whole, creates an ambiguity. The initial provisions define an “insured” as, and therefore provide coverage to, a household member related by blood. The last provision excludes such household members from coverage as to incidents involving their own vehicles. There is no ambiguity.
2. “REASONABLE EXPECTATIONS”
Plaintiff contends that enforcing the exclusionary clause would defeat the consumer’s “reasonable expectations” and thus contravene public policy. “A provision in an insurance policy that negates the very coverage that the policy purports to provide in the circumstances where the person is liable is void as against public policy” Leinas v. Liberty Mut. Ins. Co., 37 Mass.App.Ct. 952 (1994) (citing Liberty Mut. Ins Co. v. Tabor, 407 Mass. 354, 358 (1990)). However, an ambiguity must exist in the policy such as to warrant a reasonable expectation of coverage. See Mitcheson v. Izdepski, 32 Mass.App.Ct. 903 (1992); LaFrance v. Travelers Ins. Co., 32 Mass.App.Ct. 987 (1992); Jeffer *417 son Ins. Co. of New York v. Holyoke, 23 Mass.App.Ct. 472 (1987).
The court has “examined the exclusion afresh, as [it] must ...” and it finds no such ambiguity here. Mitcheson, 32 Mass.App.Ct. 903, 905 (1992) (citations omitted). The exclusionary clause is “not reasonably susceptible to more than one meaning.” Id. at 905. This is so even when the court views the clause in light of the structure and language of the entire policy. Id. at 905. The clause states that an “insured” is not covered for personal injuries to the “insured.” The son, being a person living within the household and related by blood, is an “insured” and thus is not covered for his personal injuries.
Moreover, one can fairly assume that an excess coverage policy, a so-called “umbrella policy,” has been purchased in order to insure against claims which have the potential to substantially deplete the personal assets of the policy holder. Such claims generally are brought by claimants who are not immediate family members living in the household. Thus, it is not unreasonable to expect that coverage would be excluded in a case such as this, where the claimant is, in fact, a son residing in the household.
Accordingly, the exclusionary clause is valid and enforceable, and an award of summary judgment in favor of the defendant is appropriate.
ORDER
Defendant’s motion for summary judgment is hereby GRANTED.

 At the time, a friend of the family was driving the car with Sandra Sharpe’s permission.