Welch, J.
INTRODUCTION
This matter comes before the court on plaintiffs and defendant’s cross motions for summary judgment. The plaintiff, Deborah Bagley, filed a civil action against the defendant, Monticello Insurance Company (“Monticello”),[2] to reach and apply the proceeds of an insurance policy issued to Trader Alan’s Fifth Wheel, Inc. (“Trader Alan’s”), the judgment debtor of plaintiff in a separate negligence case. Monticello then filed a civil action against Bagley[3] seeking a declaratory judgment concerning its obligations under this insurance policy. This court consolidated the two civil actions on April 7, 1995 to facilitate resolution of the dispute.
In the reach and apply action, Monticello moves for summary judgment pursuant to Mass.R.Civ.P. 56 stating it has no duty to defend or indemnify Bagley for her injuries because no coverage exists for her claims. In the declaratory judgment action, Bagley moves for summary judgment stating that Monticello is bound to the judgment against Trader Alan’s in the underlying negligence action and that Monticello breached its duty to defend and indemnify. After considering the agreed upon facts and arguments of counsel at a hearing on October 6, 1998, Monticello’s motion for summary judgment will be DENIED and Bagley’s motion for summary judgment will be ALLOWED in part.
BACKGROUND
On or about April 19, 1993, Deborah Bagley and Patrick M. Harper were lawful patrons of Trader Alan’s in Amesbury, Massachusetts. While at Trader Alan’s, which is both a restaurant and motel, Bagley and Harper consumed alcoholic beverages and became visibly intoxicated. That evening, Harper assaulted, battered, and brutally raped Bagley in a hotel room at Trader Alan’s.[4]
In August 1993, Bagley filed a lawsuit against Trader Alan’s entitled Deborah Bagley v. Trader Alan's Fifth Wheel, Inc., Essex Superior Court, Civil Action No. 93-1986-B, and later amended her complaint in March 1994 alleging Trader Alan’s breached its duty of care to Bagley for “failing to protect the plaintiff against foreseeable criminal actions, ... to take reasonable steps to insure that the plaintiff was provided with safe lodging . . . and to respond in a proper and timely manner to [her] screams and calls for assistance . . .”[5] This court granted summary judgment in Bagley’s favor and at a subsequent evidentiary hearing, the court assessed her damages at two million dollars. In assessing Bagley’s damages, Justice OToole determined Bagley suffered physical and psychological injuries. With regard to her psychological injuries, the judge found that both the physical beating and the rape separately contributed to her severe and continuing psychological distress. Justice O’Toole apportioned seventy-five percent of these damages attributable to the assault and battery and twenty-five percent of her damages attributable to the rape.
At the time of the incident, Monticello was the insurer of Trader Alan’s.[6] In February 1995, Bagley demanded payment of the judgment pursuant to the insurance policy, which Monticello refused. Monticello claimed no coverage existed because Bagley’s claim for negligence against Trader Alan’s falls within the “Assault and Battery,” “Absolute Liquor,” and “Illegal Acts” exclusions under the policy. As a result, Bagley filed this civil action to reach and apply the proceeds of Monticello’s insurance policy to satisfy the underlying judgment. Alternatively, Monticello filed a civil action seeking a declaratory judgment. The parties have now filed cross motions for summary judgment.
DISCUSSION
This court will grant summary judgment when no genuine issues of material fact exist and when the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating that no genuine issue of material fact exists on each and every relevant issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Once the moving party establishes the absence of a triable issue, the opposing party must respond and allege specific facts establishing the existence of a genuine issue of material fact to defeat the motion. Id. at 17.
A. Policy Coverage Provisions
The Monticello insurance policy contains two distinct coverage sections applicable to this matter. Coverage “A” requires Monticello to pay claims resulting from “bodily injury,” which the company defines as “bodily injury, sickness or disease, including death ...” Coverage “B” requires Monticello to pay claims resulting from “personal injury,” which includes an injury, other than bodily injury, arising out of one or more enumerated offenses, i.e. false arrest, detention, or imprisonment.
Massachusetts has recognized that the terms “bodily injury” and “personal injury” are not synonymous. Allstate Ins. Co. v. Diamant, 401 Mass. 654, 656 (1988). Further, an injury for which coverage is sought under the personal injury coverage section of the insurance policy must arise from one of the enumerated offenses. Titan Holdings Syndicate, Inc. v. City of Keene, 898 F.2d 265, 270-71 (1st Cir. 1990). Here, Bagley argues her claim falls squarely within Coverage “B” because she suffered personal injuries resulting from Harper falsely imprisoning her in a Trader Alan’s *325 hotel room. Bagley, however, cannot recover under this provision. First, Bagley filed a civil action for negligence against Trader Alan’s, not for false imprisonment against either Trader Alan’s or Harper. Second, Bagley suffered no psychological injuries from Harper falsely imprisoning her, but rather from Harper’s violent beating and rape in that hotel room. Indeed, Justice O’Toole in his Amended Order Assessing Damages found her damages directly attributable to the actual physical assault and the rape. Even though she suffered psychological and emotional injuries, which are arguably distinct from her physical injuries, the emotional injuries grew from the physical attack and not from one of the enumerated personal injury offenses. Ledbetter v. Concord Gen. Corp., 665 So.2d 1166, 1169 (La. 1996). Thus, Bagley must demonstrate she is entitled to coverage under Coverage “A” for bodily injuries.
B. Duly to Defend
It is well settled that a liability insurer owes a broad duly to defend its insured against any allegations that are “reasonably susceptible” of an interpretation that the allegations state a claim under the policy terms. Liberty Mutual Ins. Co. v. SCA Servs., Inc., 412 Mass. 330, 331-32 (1992). The duty to defend is broader than its duty to indemnify as a liability insurer may still owe a duty to defend even though no damages are awarded in the underlying action. Boston Symphony Orchestra, Inc. v. Commercial Union Ins. Co., 406 Mass. 4, 10 (1989). Thus, Bagley must show her claim is “reasonably susceptible to coverage under Coverage ”A" and does not fall within an exclusion.
C. Policy Coverage Exclusions
Under Coverage “A,” three relevant policy exclusions exist: “Assault and Battery,” “Illegal Acts,” and “Absolute Liquor.” Monticello argues Bagley’s claim is excluded under the “Assault and Battery” exclusion because rape is “merely a form of assault” and “necessarily a battery.” Monticello further asserts the “Illegal Acts" exclusion applies because her claims arise from Harper’s illegal acts, namely the rape. Monticello then argues Bagley’s claim falls squarely within the “Absolute Liquor” exclusion because the claim arose from Trader Alan’s selling, distributing, and furnishing alcoholic beverages to Harper. In interpreting insurance policies, courts must strictly construe exclusions from coverage and should resolve any doubts or ambiguities against the insurer. Camp Dresser v. McKee, Inc., 30 Mass.App.Ct. 318, 324 (1991). A court must construe a term such as “arising out of’ narrowly when used to exclude coverage rather than to provide it. New England Mut. Life Ins. Co. v. Liberty Mutual Ins. Co., 40 Mass.App.Ct. 722, 726 (1996); see also Durham Bd. of Educ. v. National Union, 426 S.E.2d 451, 456-57 (N.C. App. 1993): Herndon v. Barrett, 400 S.E.2d 767, 770-71 (N.C. App. 1991).
1. Assault and Batteiy Exclusion
The Monticello' “Assault and Battery” exclusion reads as follows:
It is agreed that the insurance does not apply to bodily injuiy or property damage arising out of assault and batteiy or out of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of the insured, his employees, patrons or any other person.
Monticello contends this exclusion necessarily includes bodily injuries caused by a rape. The Supreme Judicial Court has yet to address this specific issue.[7] Although Monticello argues this court is obligated to follow the “overwhelming weight of authority” outside this jurisdiction, none of these cases set forth binding precedent that this court must follow.
Even though Massachusetts is silent on whether rape constitutes an assault and batteiy for purposes of insurance coverage, the Supreme Judicial Court has held that an insurance company breached its duty to defend and indemnify its insured by refusing to defend a claim for negligent security brought against its insured. Liquor Liability Joint Underwriting Ass’n of MA v. Hermitage Ins. Co., 419 Mass. 316, 322-23 (1995). In Hermitage, a patron was injured by another in the insured establishment, Lamplighter’s, and sued for damages. Id. at 318. The plaintiff here, Liquor Liability Joint Underwriting Association of Massachusetts (“JUA”), who was a co-insurer with Hermitage for the premises, sought declaratoiy judgment when Hermitage refused to defend Lamplighter’s on Count Two of a civil complaint for “negligent failure to provide adequate security.” Id. at 319. Relying on cases from outside the state, Hermitage asserted the assault and battery exclusion in the insurance policy was broad enough to exclude this negligent security claim. Id. at 320-21 & n.4. The court, however, held Hermitage breached its duty to defend and indemnify this claim because if “Hermitage has intended to preclude coverage to Lamplighter for a claim based on an allegation of negligent failure to provide security, it could have done so in clear and unmistakable language.” Id. at 322 (internal quotations omitted), quoting 2500 Motel Corp., supra at 605; see also Sphere Drake Ins. Co. v. P.B.L. Entertainment, Inc., 30 F.3d 21, 22-23 (2d Cir. 1994).
Similarly, Monticello breached its duty to defend and indemnify Trader Alan’s against Bagley’s negligent security claim. During the relevant time frame, i.e. when Harper brutally raped Bagley, the “Assault and Batteiy” exclusion made no reference to sexual misconduct. As Bagley correctly points out in her papers, Monticello inserted a “Sexual Abuse” exclusion in the 1994-95 policy after Bagley filed her claim denying coverage for “any claim, demand and causes of action arising out of or resulting from either sexual abuse or licentious, immoral, or sexual act...” Argu *326 ably, this exclusion would have barred Bagley’s claim because it arose from the rape, but Trader Alan’s policy did not contain this specific exclusion. This court must “consider what an objectively reasonable insured, reading the relevant policy language, would expect to be covered. ” Hazen Paper Co. v. United States Fidelity Guaranty Co., 407 Mass. 689, 700 (1990). Construing any ambiguities in favor of Trader Alan’s and given the fact that Monticello subsequently included precise exclusionary language governing Bagley’s claim, Trader Alan’s should have reasonably expected Monticello would provide coverage for injuries arising from a rape.[8]
Massachusetts has recognized that rape, assault, and battery all differ even though the offenses contain similar elements.[9] Commonwealth v. McCan, 277 Mass. 199, 203 (1931) (“It is difficult to conceive of two crimes more fundamentally different in nature and distinct in legal character”). Indeed, studies have shown that one common misconception about rape is that most victims sustain serious physical injuries. See National Victims Center and Crime Victims Research and Treatment Center, Rape in America: A Report to the Nation (Apr. 23, 1993) (noting over two-thirds of rape victims reported no physical injuries); see also Commonwealth v. Fuller, 423 Mass. 216, 221-22 (1996) (brutal and degrading crime of rape causes psychological scarring which could be more damaging than the physical invasion itself). Here, Monticello argues that all rapes are necessarily batteries because rapes involve unwanted and tortious touching, but reasonable minds may differ over whether the terms “assault and battery” excludes or includes rape. Ledbetter, supra at 1172 (Norris, J., dissenting). This court must resolve any ambiguities in favor of Trader Alan’s. Quincy Mut. Fire Ins. Co. v. Abernathy, 393 Mass. 81, 83 (1984).
Monticello’s argument that the rape falls outside the policy’s definition of “occurrence” similarly fails. Here, the insurance policy covers bodily injuries caused by an “occurrence,” which Monticello defines as an “accident” either expected or intended from the standpoint of the insured. Arguably, a rape is not an accident, but rather an intentional act from which a court may infer an intent to injure. Worcester Ins. Co. v. Fells Acre Day Sch., Inc., 408 Mass. 393, 402 (1990). Whether a certain act constitutes an “accident,” however, is determined from the insured’s point of view, not the third-party actor’s point of view. Doe v. Liberty Mut. Ins. Co., 423 Mass. 366, 369 (1996).
Here, Harper’s brutal rape was not accidental from his perspective, but it was accidental from Trader Alan’s perspective because Trader Alan’s neither expected nor intended a patron would commit such an act on its premises. This case is distinguishable from the facts in Doe, where the Supreme Judicial Court held Liberty Mutual had no duty to defend a negligence claim based on intentional sexual misconduct. Id. at 370-71. There, the minor plaintiff filed a civil complaint alleging numerous counts including negligence, intentional and reckless infliction of emotional distress, assault, and battery. Id. at 368. The minor directly sued the actual offender who committed the intentional sexual misconduct. Id. at 368-71. Here, Bagley asserted only one claim for negligent security against the establishment where the acts occurred, not Harper himself. Further, Bagley never asserted a claim for assault, battery, or any other sexual misconduct as the Doe plaintiff did in her civil action.
2. Illegal Acts Exclusion
Monticello also attempts to exclude coverage under an “Illegal Acts” exclusion contained in a supplementary endorsement to the policy issued to Trader Alan’s. This endorsement, which effectively precludes coverage for any violation of any law, states in pertinent part:
All coverage is excluded hereunder for any claim which arises wholly or in part out of allegations of violation of any federal, state, or local statute, ordinance, or law. This exclusion shall specifically include but not be limited to any sexual misconduct committed or alleged to have been committed by any Insured or Additional Named Insured.
Here, Monticello argues it has no duty to defend because Bagley’s claims arise from Harper’s violation of G.L.c. 265, §22, the Massachusetts statute governing rape.[10] Fairly read, this exclusion relates to intentional illegal acts (including sexual misconduct) committed by the insured or its agents. Harper plainly was a third party who had no connection with the insured. Any other reading of this exclusion would result in nullifying the insurance policy. For example, literal application of this language would exclude coverage for an accident that occurred because of a stair which unintentionally had a riser Vs" in violation of the local building code or lighting that did not comply with some local ordinance. Bagley’s underlying complaint and judgment against Trader Alan’s sounds in common law negligence, not the statutory crime of rape. Thus, Monticello cannot rely on this exclusionary language to disclaim coverage.
3. Absolute Liquor Exclusion
Monticello’s final attempt at disclaiming coverage under the “Absolute Liquor” exclusion also fails as a matter of law. The policy does not provide coverage for bodily injuries arising out of or in connection with the manufacturing, selling, distributing, serving, or furnishing alcoholic beverages. Here, Monticello contends Bagley’s claim for negligent security is based on allegations that Trader Alan’s over served intoxicating liquor to Harper, which caused him to rape Bagley on the premises. In Bagley’s Amended Complaint, however, Bagley claimed Trader Alan’s breached its duty of care by failing to protect her, for failing to respond to her screams when the employees had actual notice, and for failing to provide adequate and safe lodging. *327 Nowhere in her Amended Complaint did Bagley assert a liquor liability claim.[11]
Although Monticello is correct in stating the exclusion is free from ambiguity, the cases it relies on are distinguishable from the present case. LaFrance v. Travelers Ins. Co., 32 Mass.App.Ct. 987, 987-88 (1992); Mitcheson v. Izdepski, 32 Mass.App.Ct. 903, 905 (1992). There, the plaintiffs pursued negligent service of liquor claims against the establishments whereas here, Bagley dropped this claim early in the litigation. Indeed, Justice OToole rendered judgment solely on the negligent security count. Further, the incidents for which the plaintiffs sought damages occurred in a tavern rather than an establishment required to provide safe lodging to its patrons.
D. Conclusion
As a matter of law, Bagley’s claim does not fall under Coverage “B,” which governs “personal injuries” because Bagley arguably suffered bodily injuries at the hands of Harper. Bagley’s claim does fall under Coverage “A,” which governs “bodily injuries,” but the “Assault and Battery” exclusion precludes recovery for seventy-five percent of the judgment Justice O’Toole attributed to her psychological injuries arising out of the assault and battery. The “Assault and Battery” exclusion does not exclude the remaining twenty-five percent of the judgment that Justice OToole attributed to the rape. Thus, judgment should be entered on behalf of Bagley in the amount of five hundred thousand dollars ($500,000.00) plus interests and costs.
The plaintiff also asserts a Chapter 93A claim against Monticello for unreasonably withholding funds payable under the policy. While this Court holds that Monticello’s interpretation of the policy provisions was wrong, the interpretation was not unreasonable. Indeed, some of the legal issues are close ones which have not previously been subject to interpretation by the Massachusetts appellate courts. The potent weaponry of Chapter 93A is inapplicable. As to the Chapter 93A claim, judgment is to enter for Monticello.
ORDER
For the foregoing reasons, it is therefore ORDERED that:
1. defendant’s motion for summary judgment in Monticello Ins. Co. v. Bagley, Civil Action No. 95-438-C be DENIED;
2. plaintiffs motion for summary judgment Bagley v. Monticello Ins. Co., Civil Action No. 95-296-C be ALLOWED as to twenty-five percent of the damages that Justice OToole apportioned to her psychological injuries attributable to the rape.

Civil Action No. 95-296-C.

Civil Action No. 95-438-C.

On March 24, 1995, Harper subsequently pled guilty to three counts of aggravated rape, kidnaping, and robbery and is serving a twelve to sixteen year sentence.

Bagley’s original complaint set forth two theories of recovery: (1) negligent failure to provide reasonable security and (2) negligent service of liquor to an intoxicated person. Bagley dropped the second count in her Amended Complaint.

Monticello issued a Commercial General Liability Policy, No. MCL 405346 to Trader Alan’s with effective dates from February 3, 1993 to February 8, 1994.

Various courts have ruled rape is encompassed within an assault and battery exclusion. See United Nat'l Ins. Co. v. Waterfront, 994 F.2d 105, 108(2d Cir. 1993); United Nat’l Ins. Co. v. Entertainment Group, 945 F.2d 210, 214 (7th Cir. 1991); United Nat’l Ins. Co. v. Horning, 882 F.Sup. 310, 314 (W.D.N.Y. 1995); Paul v. Montesino, 535 So.2d 6, 7 (La. App. 4Cir. 1988); Ledbetter, supra at 1170. Other courts have found rape does not come within this exclusion. Durham, supra at 456-57; 2500 Motel Corp. v. Investors Ins. Co., 169 A.D.2d 604, 605, 564 N.Y.S.2d 750, 751 (1st Dept. 1991).

Monticello also subsequently broadened its 1995-96 policy to make the “Assault and Battery” exclusion applicable to “personal injury” claims under Coverage “B" in addition to “bodily injury" claims under Coverage “A.”

Monticello asserts the Supreme Judicial Court has held that rape is merely a form of assault in Glover v. Callahan, 299 Mass. 55 (1937). To the contrary, the court actually differentiated between a rape and another similar assault. Id. at 57. Further, this case involves credibility issues in a minor’s civil complaint for indecent assault. Id.

Monticello has discontinued its use of this exclusion. Further, Monticello acknowledges that although it may have attempted to rely on this exclusion in various coverage situations, the exclusion has not been “at issue” in any lawsuits against the company.

 This court must only consider the present allegations before the court as set forth in the amended pleading.