Fremont-Smith, J.
INTRODUCTION
This case is before the Court on the motion of the plaintiff, Fireman’s Fund Insurance Company (“Company”), for summary judgment in this declaratory judgment action in which it seeks a determination that it has no duty to defend Frederick Bromberg (“Bromberg”), its insured, against allegations that he molested the minor children of defendants Rhonda Booker, Juanita Gaskins and Maria Lopez, who are presently pursuing their claims in Booker v. City of Boston, et al., United States District Court, District of Massachusetts, 97CV12534MEL; Gaskins v. City of Boston, et al., United States District Court, District of Massachusetts, 97CV12675MEL; Perez v. City of Boston, et al., United States District Court, District of Massachusetts, 97CV12691MEL. For the following reasons, the plaintiffs motion for summary judgment is ALLOWED.
BACKGROUND
During the 1993-94 and 1994-95 school years, Bromberg served as a Resource Room teacher at the John Eliot Elementary School. In this capacity, he tutored students with special needs, including the minor children of defendants Booker, Gaskins and Lopez.
The plaintiffs in the underlying civil actions, which are now pending in federal district court, allege that Bromberg sexually molested their daughters while he tutored them in reading. Specifically, the plaintiffs aver that Bromberg, during classtime, would ask a child to sit next to him at his desk in the front of the classroom, and would then read a book with the child. Both sat in rolling chairs. According to the Booker and Gaskins complaints, Bromberg allegedly “would push one of his legs between [the child’s] legs, and press his penis up against [the child’s] leg or thrust his penis back and forth against her leg.” Booker further alleges that when her daughter tried to move away, Bromberg either told her not to move away or moved his chair closer, and if her daughter sought permission to go to the restroom in an effort to get away, Bromberg told her she had to wait until they finished reading. According to the Lopez complaint, Bromberg allegedly “sexually abused the Plaintiff by rubbing his upper leg area toward his penis between her thighs in an inappropriate sexual manner every day that the Plaintiff attended the Resource Room...” Booker and Gaskins seek relief on behalf of their daughters under 20 U.S.C. §1681, 42 U.S.C. §1983, for intentional infliction of emotional distress, assault and battery on a child, and for their own loss of consortium. Lopez states causes of action on behalf of her daughter for negligence, intentional and negligent infliction of emotional distress, assault and battery, violations of G.L.c. 12 §111 and 42 U.S.C. §1983, and for her own loss of consortium.
On June 25, 1993, the plaintiff issued to Bromberg a Homeowners insurance policy which was in effect during the time Bromberg allegedly molested his students.[2] The policy provides that if a claim is made or a suit is brought against an insured for damages because of “bodily injury”[3] or “property damage” caused by an “occurrence"[4] to which the coverage applies, the plaintiff will pay the damages up to the limit of liability under the policy and provide a defense for the insured. The policy specifically excludes coverage for bodily injury or property damage which is “expected or intended by the insured,” or which arises out of “sexual molestation, corporal punishment or physical or mental abuse.”
The plaintiff now seeks summary judgment on its petition for a declaration that it has no duty to defend its insured, as the complaints in the underlying civil actions state claims which are not covered by the policy. For the following reasons, the plaintiffs motion is ALLOWED.
DISCUSSION
This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983); Massachusetts Bay Transp. Auth. v. AllianzIns. Corp., 413 Mass. 473, *726 476 (1992). Summary judgment is appropriate when the issue presented is one of interpretation of an insurance policy, because this issue raises only a question of law. Cody v. Connecticut Gen. Life Ins. Co., 387 Mass. 142, 146 (1982); Massachusetts Bay Transp. Auth., supra at 476. Similarly, the application of policy language to known facts also presents a question of law. Kelleher v. American Mutual Life Ins. Co. of Boston, 32 Mass.App.Ct. 501, 503 (1992). A declaratory judgment provides an appropriate means of deciding a dispute concerning the meaning of language in an insurance policy. Lumbermens Mutual Casualty Co. v. Belleville Indus, Inc., 407 Mass. 675, 685 (1990).
It is clear that, generally, an insurer is required to defend only if a comparison of the complaint with the insurance policy indicates “a possibility that the liability claim falls within the insurance coverage.” As stated in Sterilite Corp. v. Continental Casualty Co., 17 Mass.App.Ct. 316, 318 (1983), “It is settled in this jurisdiction, and generally elsewhere, that the question of the initial duty of a liability insurer to defend third-party actions against the insured is decided by matching the third-party complaint with the policy provisions: if the allegations of the complaint are ‘reasonably susceptible’ of an interpretation that they state or adumbrate a claim covered by the policy terms, the insurer must undertake the defense.” See also Timpson v. Transamerica Ins. Co., 41 Mass.App.Ct. 344, 346-47, cert. denied, 423 Mass. 1114 (1996).
Here, although some counts in two of the complaints allege “negligence,” the gravamen of the complaints is clearly sexual molestation. See Booker amended complaint, paras. 1, 11-18, 25-26, 31-33, 35, 41, 43, 46-48, 51; Gaskins complaint paras. 1, 11-16, 19-20, 24-27, 29-30, 33-35 (negligent supervision resulting in sexual abuse), paras. 37-40, 42; Perez amended complaint, paras. 1, 14-16, 18-20 (negligence of defendant teacher consisting of sexual abuse), paras. 21-24 (negligence of City and School Committee in hiring, retaining and supervising defendant teacher resulting in sexual abuse), paras. 26-27, 30-31 (negligence consisting of the teacher’s intentional assault), paras. 37-38 (negligence of teacher consisting of intentional interference by sexual abuse with plaintiffs civil rights), paras. 47-53, 56-58. “It is the source from which the plaintiffs personal injury originates rather than the specific theories of liability alleged in the complaint which determines the insurer’s duty to defend.” New England Mutual Life Ins. Co. v. Liberty Mutual Ins. Co., 40 Mass.App.Ct. 722, 727, cert. denied, 423 Mass. 1108 (1996). Moreover, it is settled law that “[i]t is not possible for intentional sexual misconduct also to be negligent,” and a “negligence claim which is premised on the same acts which are contended to be the basis of an intentional sexual misconduct claim is not legally supportable. There is no duty to defend in these circumstances.” Doe v. Liberty Mutual Ins. Co., 423 Mass. 366, 368-71 (1996) (no duty to defend against complaint containing counts based on negligence, negligent infliction of emotional distress, intentional and reckless infliction of emotional distress, breach of fiduciary duty, assault, battery and violation of the Massachusetts Civil Rights Act); see also Worcester Ins. Co. v. Fells Acres Day Sch., Inc., 408 Mass. 393, 410 (1990) (legally untenable to premise claims for negligence and assault and battery on same acts). Thus, based on a comparison of the allegations of the complaint to the policy, it is apparent that there is no duty to defend.
Defendants cite Timpson, supra, at 346-47, which cites Desrosiers v. Royal Ins. Co. of America, 393 Mass. 37, 40 (1984), however, for the proposition that, in determining coverage, the insurer must also take cognizance of facts not alleged in the complaint which are “known or readily knowable by the insurer,” and contend that materials outside of the complaint raise a possibility that any inappropriate contact was accidental, resulting from inadvertence on Bromberg’s part, thus potentially bringing the underlying plaintiffs’ claims within the scope of policy coverage. Thus, Bromberg appends to his opposition investigative materials pertaining to an arbitration resulting from the teacher’s suspension, which pose a question whether Bromberg never intentionally molested the children, but that any physical contact with the children was accidental. But Desrosiers involved a situation where the vehicle in question (a trailer) was indisputably, and known to the insurer, to be owned by a party, so that the question was whether the insurer could deny coverage simply because this uncontroverted fact was not alleged in the complaint. The case did not involve dubious and disputed unpleaded facts such as those which plaintiff would have the insurer allude to here. Surely, an insurer cannot be required to investigate and weigh controverted facts (as opposed to “readily ascertainable facts”) which are not alleged in a complaint, and which contradict the gravamen of the facts alleged, in order to determine coverage.
As the facts alleged in the underlying complaints clearly constitute intentional sexual molestation of minors, and the plaintiffs policy covers only accidental “occurrences,” excluding coverage for injuries resulting from the insured’s intentional conduct, see n.3 supra, and the policy excludes conduct which arises out of sexual molestation or physical abuse, see p. 4, supra, the plaintiff has no duty to defend Bromberg in these circumstances. The plaintiff also has no duly to defend against the mothers’ claims for loss of consortium, as the plaintiff is only obligated to defend against claims for bodily injury or property damage “caused by an occurrence to which this coverage applies . . .’’(emphasis supplied), and injury which arises out of sexual molestation is excluded. Since, as discussed above, the policy does not apply to Bromberg’s alleged *727 acts or any injuries arising out of such acts, the parents’ alleged loss of consortium resulting therefrom, is not covered under the policy. See New England Mut Life Ins. Co., supra, at 724-25.
ORDER
It is hereby ORDERED that the plaintiffs motion for summary judgment is ALLOWED, and judgment shall enter for the plaintiff.
IT IS HEREBY DECLARED that there is no coverage for the actions brought against Frederick Bromberg by Rhonda Booker, Juanita Gaskins and Maria Lopez, under the Homeowners insurance policy issued by plaintiff Fireman’s Fund Insurance Company, and further, Fireman’s Fund Insurance Company has no duty to defend Frederick Bromberg against the actions brought by Booker, Gaskins and Lopez.

 The policy was issued by John Hancock Insurance Company, the plaintiffs predecessor.

 “Bodily injury” is defined as “bodily harm, sickness or disease, including required care, loss of services and death that results.”

 “Occurrence” is defined as an “accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in a) ‘bodily injury’ or b) ‘property damage.’ ”