Gershengorn, Wendie I., J.

INTRODUCTION

This is a declaratory judgment action concerning homeowners’ liability insurance coverage for an underlying suit that alleges sexual molestation of two minor children. The plaintiff, Hingham Mutual Fire Insurance Company (“Hingham”), filed this action to request the Court to adjudicate that it has no duty to defend or indemnify Shirley, Joseph, and Paul Burchfield in the underlying suit. Hingham now moves this Court for summary judgment. For the following reasons, Hingham’s motion is ALLOWED.

BACKGROUND

Hingham insured Joseph and Shirley Burchfield (the “Burchfields”) under a homeowners insurance policy (the “Policy”) for their home located at 39 Pinewold Road, Burlington, Massachusetts for all relevant periods of time. The Burchfields are husband and wife and at all relevant times resided at the latter address with their minor son, Paul Burchfield (“Paul”).
On May 27, 2003, Susan G. Frost and James M. Frost (the “Frosts”), individually and as parents and next friends of Emily Frost and Andrew Frost (the “Frost children”), filed suit against the Burchfields and their son, Paul, alleging that Paul sexually molested the Frost children on numerous occasions. That case, Civil Action No. MICV2003-02273 (the “underlying suit”) is presently pending in this Court.[2], Hingham has been providing the Burchfields with a defense of the underlying suit brought by the Frosts under a reservation of rights.

DISCUSSION

The interpretation of an insurance contract involves only a question of law. See Somerset Savings Bank v. Chicago Title Ins. Co., 420 Mass. 422, 427 (1995). Unambiguous terms are to be construed according to their plain meaning. Id. “If free from ambiguity, an exclusionary clause, like all other provisions of an insurance contract, must be given its usual and ordinary meaning.” Hakim v. Mass. Insurers’ Insolvency Fund, 424 Mass. 275, 282 (1997). Like all contracts, the insurance contract must be looked at as a whole. Id.
Where the issue is an insurer’s duty to defend, the test is whether the allegations in the underlying complaint are “reasonably susceptible” of such an interpretation that they state a claim covered by the policy terms. See Ruggerio Ambulance Service, Inc. v. National Grange Ins. Co., 430 Mass. 794, 796 (2000); Liquor Liab. Joint Underwriting Assn. of Mass. v. Hermitage Ins. Co., 419 Mass. 316, 319-20 (1995). In determining Hingham’s duty to defend, this Court must look “only to the complaint and the policy.” Doe v. Liberty Mut. Ins. Co., 423 Mass. 366, 369 (1996).
The Policy only provides two types of coverage - personal liability for property damage or personal liability for bodily injury. (Ex. 3, p. 8.) Under the Policy, Hingham will pay, up to the limit, all sums for which an insured is liable by law because of “bodily injury” or “property damage” caused by an “occurrence” to which coverage of the policy applies. (Ex. 3, p. 8.) Hingham will defend any such suit resulting in the aforementioned damages as long as they are not excluded from coverage under the policy.
“Bodily Injury” is defined as “bodily harm to a person and includes sickness, disease or death. This also includes required care and loss of services.” The Policy goes on to state that “bodily injury” does not mean bodily harm, sickness, disease or death that arises out of either: (a) a communicable disease; or (b) the actual alleged or threatened sexual molestation of a person. An “occurrence” is defined as an accident, including loss from repeated exposure to similar conditions.
Any injuries the Frost children suffered as a result of the alleged sexual molestation between May 27, 2000 and December 13, 2001 are not covered under the Policy because they are specifically excluded from the definition of “bodily injury.” Therefore, Count I of the complaint, alleging indecent assault and battery against the Frost children is not an injury covered under the Policy and Hingham does not have a duty to defend Paul on that count. The other counts in the complaint also result directly from the sexual molestation allegations. The Frosts, in Count II, allege loss of consortium of their children “as a direct and proximate result of the conduct and actions of Paul Burchfield, and Shirley and Joseph Burchfield.” In Count III, the Frosts allege intentional infliction of emotional distress as a direct and proximate cause of Paul’s alleged sexual molestation of the children and the Burchfields alleged misrepresentation regarding their son’s counseling. Finally, Count IV alleges the *10 Burchfields negligently supervised their son which, the Frosts allege, resulted in the molestation of the Frost children.
Here, there would not have been a claim of negligence, loss of consortium, or intentional infliction of emotional distress absent the sexual molestation of the Frost children. “It is the source from which the plaintiffs personal injury originates rather than the specific theories of liability alleged in the complaint which determines the insurer’s duty to defend.” Barley v. Monticello Ins. Co., 430 Mass. 454, 458 (1999) (citations omitted) (even though plaintiffs underlying complaint sounded in negligence, where injuries were result of brutal rape, coverage was excluded under illegal acts exclusion in policy). See also New England Mut. Life Ins. Co. v. Liberty Mut. Ins. Co., 40 Mass.App.Ct. 722, 727 (1996) (without underlying illegal act, there would be no injuries, and no basis for lawsuit against insureds for negligence, misrepresentation, or loss of consortium); McNeil v. Metropolitan Property & Liability Ins. Co., 420 Mass. 587, 590 (1995) (emotional distress is not a bodily injury for purposes of insurance coverage), citing Allstate Ins. Co. v. Diamant, 401 Mass. 654, 656 (1988).
The defendants argue that the exclusion of “sexual molestation” from the definition of “bodily harm” does not apply to “required care and loss of services” and so the loss of consortium claims are not excluded by the Policy. Therefore, since Counts II through IV incorporate loss of consortium, the Burchfields argue Hingham has a duty to defend on the remaining counts.
At least one Court in Massachusetts has held that consortium claims are not excluded from coverage unless the specific language of the policy excludes such claims. See Worcester Ins. Co. v. Fells Acres Day School Inc. et al., 408 Mass. 393, 412-14 (1990) (loss of consortium is not derivative of claim for coverage of the underlying bodily injury unless insurance company can show the insured intended to injure plaintiff or policy language specifically excludes consortium claims). As discussed below, since Paul’s acts were intentional, no loss of consortium claim would be covered under Fells Acres. In addition, courts have not awarded loss of consortium claims when they arise solely from sexual molestation and sexual molestation is specifically excluded from the policy, such as is the case here. See New England Mut. Life Ins. Co., 40 Mass.App.Ct. at 724-25; Fireman’s Fund Ins. Co. v. Bromberg, 1999 ML 744022 (Freemont Smith, J.) (Mass.Super. April 1999) (9 Mass. L. Rptr. 725).
Even if this Court were to consider the alleged sexual molestation and other claims arising from it as “bodily injury,” any injuries suffered by the Frosts and Frost children did not result from an “occurrence” as defined in the policy.[3] Since sexual molestation has been recognized in Massachusetts as being an intentional act, it cannot be an “occurrence” under the Policy. See Fells Acres at 400-01; Doe v. Liberty Mut., 423 Mass. 366, 370 (1996). With respect to the Burchfields, the Frosts allege misrepresentation and negligent supervision of Paul proximately caused the alleged molestation of the Frost children. It is settled law that “[i]t is not possible for intentional sexual misconduct also to be negligent.” Doe at 368-71. A “negligence claim which is premised on the same acts which are contended to be the basis of an intentional sexual misconduct claim is not legally supportable. There is no duty to defend in these circumstances.” Id. In addition, as mentioned above, the claims for loss of consortium and intentional infliction of emotional distress are not “bodily injuries” in and of themselves and instead arise out of the sexual molestation, an exclusion in the policy. Therefore, these claims also do not meet the requirement of “occurrence” since they did not result from an accident.[4]
Since all the claims in the underlying complaint arise from the alleged sexual molestation, they are all excluded as “bodily injuries” under the Policy. Moreover, because the alleged sexual molestation, and other claims arising from it, are intentional acts, they cannot fall under the definition of “occurrences. ” Therefore, Hingham does not have a duty to defend Paul or the Burchfields against the underlying complaint.

ORDER

For the foregoing reasons, it is hereby ORDERED that Hingham Mutual Insurance Company’s motion for summary judgment is ALLOWED.

 The underlying complaint contains four counts:
Count I: Indecent Assault and Battery by Emily and Andrew against Paul only.
Count II: Loss of Consortium by the Frosts against Paul and his parents.
Count III: Intentional Infliction of Emotional Distress by all plaintiffs against all defendants.
Count IV: Negligence by all plaintiffs against Paul’s parents, Shirley and Joseph Burchfield.

 “Occurrence means an accident. This includes loss from repeated exposure to similar conditions.” (Ex. 3, p. 1.)

 As a last resort, the Burchfields argue that coverage is not excluded by the policy’s intentional acts exclusion. The intentional acts exclusion reads, “[t]his policy does not apply to bodily injury or property damage which results directly or indirectly from: 9. an intentional act of an insured or an act done at the direction of an insured."
The Burchfields argue that the only alleged intentional act was committed by Paul, who is not “insured” under the Policy. Therefore, they should still be covered because any alleged act by them was not intentional. This argument also fails. The Policy states that “an insured” is “a. you; b. your relatives if resident of your household.” Paul fits squarely within the definition of an insured under the Policy. Moreover, any alleged acts or omissions by the Burchfields are already excluded from coverage for the reasons stated throughout this opinion.