CAROLINE McGLINCHY *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

Suffolk. March 7, 1910. — May 18, 1910.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & RUGG, JJ.

*Negligence. Street Railway.*

In an action by a woman against a corporation operating a street railway, for personal injuries sustained, while being transported as a passenger in a closed surface car of the defendant, by reason of the conductor shutting a sliding door of the car upon the fingers of the plaintiff when she had taken hold of the door jamb to steady herself, there was evidence that the plaintiff was sitting on the right hand side of the car in the seat next to the rear door, that the car reached a terminal transfer station where all the passengers were to leave, that the conductor called out the name of the station, and further said, " Change for other lines. Leave by the front door," that the car stopped and the plaintiff was in the act of rising, when, without any warning, the car started again with a sudden jerk and moved about three feet, that the plaintiff in order to save herself from falling grasped the jamb of the rear door, and that while she still was steadying herself the conductor closed the sliding door and injured her fingers, that, on ordinary occasions, after a car came to a stop at this station it did not start again until the passengers all were out and a signal to start had been given, and there was no evidence that any signal to start was given at this time. The conductor testified as to providing for the orderly exit of passengers as follows: " When we see that everybody is safely in we close the rear door so passengers will go out by the forward door." *Held,* that it might have been found that under the circumstances shown by the evidence the stopping followed by the sudden starting of the car put upon the conductor an additional duty of observation for the safety of passengers near the door and in such a position as to be thrown toward it, and that he ought to have refrained from closing the door until he was assured that no one would be hurt by it, and until sufficient time had elapsed for the plaintiff, whom he ought to have seen, to regain her balance; so that the question of the defendant's negligence was for the jury.

RUGG, J. This case comes before us on a report by the Chief Justice of the Superior Court, which in substance is a ruling of law that upon all the evidence bearing on the question of the defendant's negligence, the plaintiff was not entitled to recover. He then made a finding for the defendant founded on this ruling of law, and reported the case for determination by this court, with the provision that, if his finding was right, judgment was to be entered thereon; otherwise, that judgment was to be entered for the plaintiff in the sum of $1,000. The only question pre-

sented is whether there is any evidence to support a reasonable inference of negligence on the part of the servants of the defendant.

There was testimony to the effect that the plaintiff was a passenger riding on the seat next the rear door on the right hand side of a closed surface car of the defendant; when the car reached the Dudley Street terminal station the conductor called out the name of the station, and further said, "Change for other lines. Leave by the front door," and that the car stopped; thereupon as the plaintiff was in the act of rising the car started without warning with a sudden jerk, moving about three feet, and in order to save herself from falling she grasped the jamb of the rear door, and while in the act of steadying herself the conductor closed the sliding door and injured her fingers. After a car came to a stop in the terminal commonly it never started again until the passengers were all out and a signal to start had been given. There was no evidence that any signal was given to start at this time. The conductor testified touching the custom for the orderly exit of passengers, "When we see that everybody is safely in we close the rear door so passengers will go out by the forward door." This all occurred at about 5.45 P. M. on a November day.

The defendant, having brought its car to a stop at the terminal and invited its passengers to alight, was bound to give them a reasonable opportunity to do so in safety without subjecting them to the danger likely to ensue from a sudden jar of the car. It may have been found to have been an initial act of negligence under these circumstances to start the car without warning. The position of the conductor was facing and within reach of the door, and it was a part of his duty to see that passengers were safely within the car before closing the door. The inference cannot be said to be unwarranted that he ought to have foreseen that the extraordinary starting of the car might throw passengers off their balance, involving on their part the involuntary seizing of any support within reach, and that he ought to have refrained from closing the door either until assured that no one would be hurt thereby or until sufficient time had elapsed for the plaintiff to regain her poise, and that the sudden start of the car may have put upon him a burden of observation for the

safety of passengers near the door, and in such position as to be thrown against it, which, as shown by his conduct and its results, was not discharged. *Hines* v. *Boston Elevated Railway,* 198 Mass. 346, is distinguishable in that certain circumstances are present here which, it may have been found, ought to have put the conductor on his guard before closing the door. *Carroll* v. *Boston & Northern Street Railway,* 186 Mass. 97. *Silva* v. *Boston & Maine Railroad,* 204 Mass. 63. Although the case is a close one, we incline to the view that it should have been submitted to the jury.

In accordance with the terms of the report, the entry must be judgment for the plaintiff for $1,000.

*So ordered.*

*P. H. Kelley,* for the plaintiff.

*J. E. Hannigan,* for the defendant.