KATINA TSACOYEANES & another *vs.* CANADIAN PACIFIC RAILWAY COMPANY.

Suffolk. October 6, 1959. — November 9, 1959.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS, & WHITTEMORE, JJ.

*Negligence,* Railroad: jolt of train. *Evidence,* Judicial notice.

This court need not take judicial notice of foreign law not brought to the attention of the trial court or this court. [728]

A finding of negligence on the part of a railroad toward a passenger on a train was warranted by evidence that after the train had been stopped for several minutes at a station where, the conductor knew, she was to get off, and while a number of other passengers were still in the aisle of her car on their way to the door, and as she was handing over a child with her to her husband, she was thrown down and injured by successive jolts of the train. [728–729]

Tsacoyeanes *v.* Canadian Pacific Railway.

TORT. Writ in the Superior Court dated March 1, 1955. The action was tried before *Collins, J.*

*George W. McLaughlin,* for the defendant.

*Ralph F. Martino,* for the plaintiffs.

RONAN, J. This is an action of tort for injuries sustained by a passenger (hereinafter called the plaintiff) on the defendant's train by reason of successive jolts which occurred while she was preparing to detrain at the Union Station in Toronto, Canada. The plaintiff's husband sues for consequential damages. The circumstances of the accident could be found to be as follows: The plaintiff was travelling with her husband, a daughter, and two grandchildren in a train wholly in the control of the defendant's employees. Their seats had been changed to face each other. As the train approached Toronto, the conductor announced "Next stop, Toronto." Shortly thereafter the passengers prepared to leave. The plaintiff and her husband put on their outer garments and the plaintiff completed dressing one of the grandchildren and was about to hand over the grandchild to her husband when the train "gave a very violent jerk" pitching her forward onto the seat opposite. As she "went to arise from this fallen position, the train threw her back onto the arm of the seat," seriously injuring her. There was evidence that both jolts were accompanied by a sound of metal "crashing together." When the jolts occurred the train had been stopped in the station three to five minutes and passengers were still in the aisle and on their way to the door and to leave the train.

The defendant introduced no evidence and moved for directed verdicts which were denied. There were verdicts for the plaintiff and her husband, and the presiding judge reported the case for our determination under a stipulation that if the court was in error in submitting it to the jury and in refusing to direct verdicts for the defendant, judgments are to be entered for the defendant; otherwise, the verdicts are to stand. There was no error.

Although the fact that the accident happened in Toronto would normally lead us to apply the substantive law of the

Canadian province of Ontario, *Levy* v. *Steiger,* 233 Mass. 600; *Holland* v. *Boston & Maine R.R.* 279 Mass. 342, 344–345; *Peterson* v. *Boston & Maine R.R.* 310 Mass. 45, 47–48; Restatement: Conflict of Laws, §§ 378, 379, 380, we need not take judicial notice of the law of a foreign jurisdiction where, as here, it is not brought to our attention by the record or the briefs, G. L. c. 233, § 70; *Bradbury* v. *Central Vermont Ry.* 299 Mass. 230, 234, and cases cited; *Smith* v. *Brown,* 302 Mass. 432, 433, and where, as here, counsel apparently tried the case on the theory that the relevant Ontario law was the same as our own. *Knych* v. *Trustees of New York, N. H. & H. R.R.* 320 Mass. 339, 340, and cases cited.

As a general rule a passenger riding inside a car or train who is injured by a jolt or lurch of the vehicle cannot recover unless he shows that the jolt or lurch was in excess of one incidental to the ordinary operation of the car or train. *Foley* v. *Boston & Maine R.R.* 193 Mass. 332. *Work* v. *Boston Elev. Ry.* 207 Mass. 447. *Maher* v. *Boston & Albany R.R.* 304 Mass. 641. The instant case differs from the class of cases illustrated by those just cited. The jury could find that the train had stopped at the station for three to five minutes prior to the jolts, and that the passengers were on their way toward the exit at the time of the jolts. The jury could also find that the conductor knew that the plaintiff intended to leave at Toronto and there was no unreasonable delay in preparing to leave, especially in view of the number of other passengers in the actual process of leaving the train. In these circumstances the case more nearly resembles *McGlinchy* v. *Boston Elev. Ry.* 206 Mass. 7, than *Caranicos* v. *New York, N. H. & H. R.R.* 277 Mass. 364, upon which the defendant relies. It was said in the *McGlinchy* case (page 8), "The defendant, having brought its car to a stop at the terminal and invited its passengers to alight, was bound to give them a reasonable opportunity to do so in safety without subjecting them to the danger likely to ensue from a sudden jar of the car." This was so even if it did not appear that any other passengers were injured by the jolts. See *Boyd* v. *New York, N. H. & H. R.R.* 332 Mass. 607.

Here the train was stopped at the defendant's station — and was not a street car on a highway with its changing traffic conditions — in the process, either actual or in the immediate future, of discharging passengers when the jolts occurred. On this evidence the jury could properly infer that the plaintiff's injury would not have occurred without negligence on the part of the defendant. *Magee* v. *New York, N. H. & H. R.R.* 195 Mass. 111, 113. *Nolan* v. *Newton St. Ry.* 206 Mass. 384, 388. *Webber* v. *Old Colony St. Ry.* 210 Mass. 432, 441–442. *Gray* v. *Boston Elev. Ry.* 251 Mass. 167. *Convery* v. *Eastern Mass. St. Ry.* 252 Mass. 418, 421. See *Egan* v. *Old Colony St. Ry.* 195 Mass. 159, 161; *Warren* v. *Boston Elev. Ry.* 259 Mass. 226, 228.

The defendant's suggestion that the accident is attributable to the plaintiff's allegedly precarious state of balance as she was in the act of handing the grandchild to her husband is untenable. Her activity preparatory to leaving was a normal incident of departure, and precisely a reason why the defendant was bound to guard against such jolts as here occurred. The plaintiff had a right to expect that the train would remain stationary until she had a reasonable opportunity to alight.

*Verdicts to stand.*