Velis, J.
This case arises from an assault and batteiy that occurred outside of the plaintiffs restaurant. The defendant, RCA Insurance Group (RCA), insures the plaintiff but denied coverage for all costs and damages incurred as a result of the incident. The plaintiff filed this complaint alleging that the denial constituted a breach of contract (Count I) and violations of G.L.c. 93A and 176D (Count II). The defendant now moves for summary judgment on both counts. For the following reasons, the defendant’s motion is denied.
BACKGROUND
The summary judgment record reveals the following undisputed material facts viewed in the light most favorable to the plaintiff. On January 18, 1998, Brian LePage (LePage) alleged that he was injured upon the premises owned by the plaintiff after he was stuck on the head by David Larochelle (Larochelle) with a beer bottle provided by The Fat Cat Bar & Grill. LePage retained legal counsel and threatened legal action against the plaintiff for the incident. The plaintiff subsequently provided RCA with a potential loss notice and supporting correspondence. On January 9, 2001, LePage commenced legal action against the plaintiff. The plaintiff was ultimately found negligent in failing to provide adequate security. RCA, who provided insurance to the plaintiff, failed to investigate the claim and/or loss notice on the plaintiffs behalf. The plaintiff then brought this suit against RCA.
DISCUSSION
The burden is on the moving party for summary judgment to “show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” Mass.R.Civ.P. 56(c). See also Kourouvacilis v. General Motors Corp., 410 Mass. 706, 713-14 (1991). The burden on a moving party who does not have the burden of proof at trial may be satisfied either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating “that the party opposing the motion has no reasonable expectation of proving an essential element of that party’s case.” Kourauvacilis, 410 Mass, at 716.
“(T]he question of the initial duty of a liability insurer to defend third-party actions against the insured is decided by matching the third-party complaint with the policy provisions: if the allegations of the complaint are ‘reasonably susceptible’ of an interpretation that they state or adumbrate a claim covered by the policy terms, the insurer must undertake the defense.” SCA v. Transportation Ins. Co., 419 Mass. 528, 531-32 (1995).
RCA argues that it is entitled to summary judgment on both counts because the insurance policy between the parties contained the following exclusion:
This insurance does not apply to “personal injury” expected or intended from the standpoint of any insured: or arising out of an assault or batteiy, provoked or unprovoked, or out of any act or omission in connection with the prevention or suppression of an assault or batteiy, committed by any insured or an employee or agent of the insured.
The plaintiff argues that this exclusion does not apply because the exclusion clause only excludes coverage for a personal injuiy arising from an assault and batteiy committed by the plaintiff, its employees, and its agents. Here, Larochelle was not an employee or agent of the insured plaintiff.
The exclusion clause could be interpreted in two ways. One possible interpretation is that the policy excludes coverage for “any act or omission in connection with the prevention or suppression of an assault or batteiy” “committed by any insured or an employee or an agent of the insured.” Such an interpretation favors the defendant since the plaintiffs were found to be negligent in preventing the assault and batteiy. Another possible interpretation, and one that favors the plaintiff, is that the policy excludes only personal injuiy “arising out of an assault or batteiy” “committed by any insured or an employee or an agent of the insured."
“(E)xclusions from coverage are to be strictly construed and any ambiguity in the somewhat complicated exclusions must be construed against the insurer.” Sterilite Corp. v. Continental Cas. Co., 17 Mass.App.Ct. 316, 321 n.10 (1983), quoting Vappi & *738 Co. v. Aetna Cas. & Sur. Co., 348 Mass. 427, 431 (1965). Where, as here, “there is more than one rational interpretation of policy language, the insured is entitled to the benefit of the one that is more favorable to it.” Hakim v. Massachusetts Insurers Insolvency Fund, 424 Mass. 275, 281 (1997). Therefore, because the exclusion clause here is ambiguous and must be construed against the defendant, and the defendant’s summary judgment motion was based entirely on the argument that the clause precluded its liability on all counts, its motion must be denied.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant’s motion for summary judgment is DENIED.