Kern, Leila R., J.

INTRODUCTION

In Phase I of this litigation, the plaintiff utility companies seek to obtain excess liability coverage from the defendant insurers in connection with the cleanup of environmental contamination at the sites of former manufactured gas plants in Lynn, Salem and Malden. This matter is before the court on the *147 defendants’ motion pursuant to Mass.R.Civ.P. 56 for summary judgment on all policies for plaintiffs’ failure to establish fortuitous pollution as implied under the policies and the plaintiffs’ cross motion for partial summary judgment on the legal elements of the fortuity defense. For the reasons discussed below, the defendants’ motion is DENIED and the plaintiffs’ cross motion is DENIED.

DISCUSSION

The three manufactured gas plant (“MGP”) sites at issue operated from the 1800s until approximately 1970. Over their lifespan, the MGPs produced billions of cubic feet of gas and in the process, generated millions of gallons of tar, the primary source of contamination at the sites. This contamination began in the 1800s, shortly after each of the plants began producing gas. As early as the 1890s, articles and reports published by MGP industry associations such as the New England Gas Association and the American Gas Association discussed the likely environmental injury caused by the MGP process and the possible nuisance liability faced by operators. Representatives of one or more of the plaintiffs attended industry conferences from time to time, and Mass Electric’s predecessors at the Lynn site were members of both associations. Numerous environmental reports discussing the histories of the Lynn, Malden and Salem sites note the use of unlined trenches, pits and spray ponds to process and dispose of tar and other wastes, and the direct dumping of certain substances into the ground.
The defendants contend that there is no coverage under the policies at issue unless the contamination of the sites was fortuitous: i.e., not intended or expected by the insured. This court is not persuaded by the plaintiffs’ argument that any fortuity requirement is limited to the terms of G.L.c. 175, §47, sixth (b), which states: “no company may insure any person against legal liability for causing injury ... by his deliberate or intentional crime or wrongdoing.” A court must determine whether a policy provides coverage before analyzing whether coverage is barred by §47, sixth. Rideout v. Crum & Forster Commercial Ins., 417 Mass. 757, 761 (1994). It is undisputed that the policies at issue do not contain an explicit fortuity requirement, nor do they specifically exclude injuries “expected or intended from the standpoint of the insured.” Nonetheless, insurance is based on contingent risks which may or may nor occur, and the basic purpose of insurance is to protect against fortuitous events and not known certainties. SCA Services v. Transportation Ins. Co., 419 Mass. 528, 532 (1995) (insured cannot recover for a loss known prior to the inception of the policy period). “The fortuity principle is central to the notion of what constitutes insurance. The insurer will not and should not be asked to provide coverage for a loss that is reasonably certain or expected to occur within the policy period.” Appleman on Insurance 2d, §1.4 at 26 (1996). See also 7 Couch on Insurance 3d, §102.7 (2000) (fortuitous loss is implicit in the notion of insurance). Accordingly, some courts have held that all insurance policies implicitly exclude coverage for intended and expected harms. See, e.g., PSI Energy, Inc. v. Home Ins. Co., 801 N.E.2d 705, 723-25 (Ind.App. 2004) (fortuity is an implied requirement of all policies and insurer entitled to argue intended or expected damage even if no express exclusion in policy); Consolidated Edison Co. of New York v. Allstate Ins. Co., 98 N.Y.2d 208, 218-19 (N.Y. 2002) (under policies triggered by an occurrence or accident, insured had burden to show that pollution of MGP sites was fortuitous, and not intended or expected); Aluminum Co. of America v. Aetna Cos. & Sur. Co., 998 P.2d 856, 878-79 (Wash. 2000) (principle of fortuity is the unnamed exclusion in all policies). This court is persuaded by the reasoning of these courts and concludes that there is no coverage under the policies at issue unless the environmental contamination was fortuitous.
Given that fortuity is a concept inherent to insurance, the insured bears the burden of proving that coverage exists because the loss at issue was neither expected nor intended. See PSI Energy, Inc. v. Home Ins. Co., 801 N.E.2d at 727; Consolidated Edison Co. of New York v. Allstate Ins. Co., 98 N.Y.2d at 219-20. See also Schiappa v. National Marine Underwriters, Inc., 56 Mass.App.Ct. 161, 165 (2002) (under “all-risk” policy, insured bears burden of showing that loss was fortuitous). Cf. Highlands Ins. Co. v. Aerovox, Inc., 424 Mass. 226, 231-32 (1997) (insured has burden to prove sudden and accidental exception to pollution exclusion because insured must prove that coverage applies and has greater access to relevant facts concerning discharge of pollution). But see U.S. Liability Ins. Co. v. Selman, 70 F.3d 684, 691 (1st Cir. 1995) (insurer bears burden of proof to show known loss). The standard is essentially a subjective one: whether the insured knew to a substantial certainty that the harm or injuiy would result. See Hanover Ins. Co. v. Talhouni, 413 Mass. 781, 787 (1992); Quincy Mut. Fire Ins. Co. v. Abernathy, 393 Mass. 81, 86 (1984); Smartfoods, Inc. v. Northbrook Property & Cas. Co., 35 Mass.App.Ct. 239, 242 (1993). Cf. SCA Services v. Transportation Ins., 419 Mass. at 533 (no coverage for “known loss” where prior to purchasing policy, insured had actual knowledge that landfill had been declared a nuisance and was source of environmental contamination).
The summary judgment record here presents a genuine issue of material fact whether the contamination of the Lynn, Salem and Malden sites was intended or expected such that the loss was not fortuitous. Cf. Worcester Ins. Co. v. Fells Acres Day School, Inc., 408 Mass. 393, 401-02 (1990) (intent to injure inferred as a matter of law from forcible sexual abuse); City of Newton v. Krasnigor, 404 Mass. 682, 685-86 (1989) *148 (intent to cause property damage inferred as matter of law from setting of fire).

ORDER

For the foregoing reasons, it is hereby ORDERED that the defendants’ motion for summary judgment on all policies for failure to establish fortuitous pollution be DENIED and that the plaintiffs’ cross motion for partial summary judgment on the legal elements of the fortuity defense be DENIED.