NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

14-P-1156                                      Appeals Court

WELLS FARGO BANK, N.A., trustee,[1] vs.  IAN B. ANDERSON.

No. 14-P-1156.

Bristol.     September 8, 2015. - May 11, 2016.

Present:  Kafker, C.J., Trainor, & Massing, JJ.


Mortgage, Assignment, Foreclosure.  Real Property, Mortgage.
    Assignment.  Practice, Civil, Standing, Summary judgment,
    Summary process.  Summary Process.


Summary process.  Complaint filed in the Attleboro Division
of the District Court Department on September 1, 2011.

After transfer to the Southeastern Division of the Housing
Court Department, the case was heard by Anne Kenney Chaplin, J.,
on motions for summary judgment.


Thomas B. Vawter for the defendant.
David A. Marsocci for the plaintiff.


TRAINOR, J.  The defendant, Ian B. Anderson, former

homeowner of property located in Norton and holdover in

possession after the bank foreclosed, appeals from a Housing

---

[1] Of the Securitized Asset-Backed Receivables, LLC Trust
2006-OP1, Mortgage Pass-Through Certificates, Series 2006-OP1.

Court judgment granting possession of his former home to plaintiff Wells Fargo Bank, N.A. (bank). Anderson argues that the judge erroneously granted summary judgment to the bank. He argues that the judge incorrectly interpreted G. L. c. 183, § 54B, by allowing the bank to rely on certain documents without the need to further substantiate their validity, and that the judge's interpretation of G. L. c. 183, § 54B, violated his due process rights.

Facts. The following facts are undisputed and are taken from the judge's memorandum of decision on the parties' cross motions for summary judgment and the summary judgment record.

On June 20, 2005, Anderson executed a promissory note and a mortgage in favor of Option One Mortgage Corporation (Option One) using the property as collateral. The mortgage was recorded in the Bristol County registry of deeds, northern district (Bristol registry).

On January 2, 2009, Option One assigned Anderson's mortgage to the bank. The assignment of mortgage was recorded in the Bristol registry and included an effective date of August 14, 2007.

On October 15, 2010, Sand Canyon Corporation (Sand Canyon), formerly known as Option One, assigned Anderson's mortgage to the bank. The assignment of mortgage was recorded in the Bristol registry.

After a default by Anderson, the bank through its loan servicer, American Home Mortgage Servicing, Inc., initiated an action in the Land Court on October 25, 2010 under the Servicemembers Civil Relief Act. Judgment entered in favor of the bank and it proceeded with the sale of the property in accordance with the mortgage. On May 5, 2011, the bank was the highest bidder at the foreclosure auction. On August 13, 2011, a foreclosure deed and affidavit of sale detailing the actions taken by the bank were recorded at the Bristol registry.

Anderson continued to occupy the premises after the foreclosure sale.

Discussion. Anderson argues that both the Option One assignment and the Sand Canyon assignment were void because the Option One assignment was allegedly "robo-signed" and Sand Canyon had no interest to assign. Anderson argues further that he was denied his due process rights because the judge denied his discovery requests, regarding the validity of the documents effecting the assignment, based on an erroneous interpretation of G. L. c. 183, § 54B.

1. General Laws c. 183, § 54B. Anderson argues that the judge's interpretation of G. L. c. 183, § 54B, as outlined in her order on the bank's motion in limine regarding that statute, was legally incorrect and denied him his due process rights. Anderson is partially correct, but the judge's error did not

cause him prejudice and did not deprive him of any rights to which he was otherwise entitled.

The judge held, and the bank argues on appeal, "that the provisions of G. L. c. 183, § 54B allow the [bank] to rely upon . . . documents[, which include the assignment of mortgage, foreclosure deed, and affidavit of sale,] . . . without the need to further substantiate their validity."[2]  This is incorrect, however, because "such instruments shall bind the entity

_____

[2] General Laws c. 183, § 54B, as appearing in St. 2010, c. 282, § 2, provides:  "Notwithstanding any law to the contrary, (1) a discharge of mortgage; (2) a release, partial release or assignment of mortgage; (3) an instrument of subordination, non-disturbance, recognition, or attornment by the holder of a mortgage; (4) any instrument for the purpose of foreclosing a mortgage and conveying the title resulting therefrom, including but not limited to notices, deeds, affidavits, certificates, votes, assignments of bids, confirmatory instruments and agreements of sale; or (5) a power of attorney given for that purpose or for the purpose of servicing a mortgage, and in either case, any instrument executed by the attorney-in-fact pursuant to such power, if executed before a notary public, justice of the peace or other officer entitled by law to acknowledge instruments, whether executed within or without the commonwealth, by a person purporting to hold the position of president, vice president, treasurer, clerk, secretary, cashier, loan representative, principal, investment, mortgage or other officer, agent, asset manager, or other similar office or position, including assistant to any such office or position, of the entity holding such mortgage, or otherwise purporting to be an authorized signatory for such entity, or acting under such power of attorney on behalf of such entity, acting in its own capacity or as a general partner or co-venturer of the entity holding such mortgage, shall be binding upon such entity and shall be entitled to be recorded, and no vote of the entity affirming such authority shall be required to permit recording" (emphasis added).

assigning . . . the mortgage," if it complies with the procedural requirements of § 54B, "without need of any vote affirming such authority or further evidence of [the signatory's] status as such an officer" (emphasis added). Sullivan v. Kondaur Capital Corp., 85 Mass. App. Ct. 202, 212 (2014).[3]  The statute binds only the entity making and recording the assignment, if such action has been made in compliance with its provisions.  The statute does not bind any other party that has standing to contest the validity of the assignment.

2.  Standing.  Anderson relies on Culhane v. Aurora Loan Servs. of Nebraska, 708 F.3d 282 (1st Cir. 2013), in arguing that he has standing to challenge the Option One assignment and the Sand Canyon assignment.  That court held that "in Massachusetts, a mortgagor has a legally cognizable right to challenge a foreclosing entity's status qua mortgagee.  This may, in certain instances, require challenging the validity of an assignment that purports to transfer the mortgage to a successor mortgagee."  Id at 291.  Anderson omitted, however, the court's explicit and very limited application of standing when it explained further that "a mortgagor has standing to

---

[3] Compare Haskins v. Deutsche Bank Natl. Trust Co., 86 Mass. App. Ct. 632, 642 (2014) (Dicta summarily stating that "[the mortgagor's] challenge to the validity of the signatures on the mortgage assignment is precluded by the provisions of G. L. c. 183, § 54B").  The bank cites to this case as dispositive authority.

challenge a mortgage assignment as invalid, ineffective, or void

. . . . If successful, a challenge of this sort would be

sufficient to refute an assignee's status qua mortgagee . . . .

[A] mortgagor does not have standing to challenge shortcomings

in an assignment that render it merely voidable at the election

of one party but otherwise effective to pass legal title."

Ibid.

We must determine here whether Anderson's claims would

render the assignments void and therefore render "[a]ny effort

to foreclose by a party lacking 'jurisdiction and authority' to

carry out a foreclosure under [our] statutes [as] void." U.S.

Bank Natl. Assn. v. Ibanez, 458 Mass. 637, 647 (2011).

The bank maintains, and we agree, that either the Option

One assignment or the Sand Canyon assignment[4] transferred the

mortgage to the entity that ultimately foreclosed, the bank.

"[W]here the foreclosing entity has established that it validly

holds the mortgage, a mortgagor in default has no legally

cognizable stake in whether there otherwise might be latent

defects in the assignment process." Bank of N.Y. Mellon Corp.

v. Wain, 85 Mass. App. Ct. 498, 502 (2014).

3. Assignments and Foreclosure. Anderson argues that the

Option One assignment was defective because of alleged

_____

[4] Likely a confirmatory instrument.

irregularities ("robo-signing") in that assignment.  Anderson, however, does not contest the fact that Option One held the mortgage.  The Option One assignment to the bank followed and complied with all the statutory requirements of G. L. c. 183, § 54B, and Option One was bound by that assignment for all purposes.  The assignment was not void and any potential defect could have been pursued by a party with standing (e.g., the bank).  Since Option One held the mortgage and its assignment followed the requirements of the statute, the assignment was not void and Anderson had neither standing to challenge it nor to seek further discovery regarding the validity of the documents effecting the assignment.

Anderson also argues that the Sand Canyon assignment was void because at the time of the assignment it did not own any residential mortgages.  This however is a circular argument because if the Option One assignment failed for any reason, Sand Canyon would have still owned the residential mortgage at issue.  This assignment was therefore confirmatory in nature.  If the Option One assignment had been successful, the Sand Canyon assignment was superfluous and harmless.  Either way the bank had been properly assigned the mortgage.

The judge correctly found that the mortgage assignments followed the requirements of G. L. c. 183, § 54B, and that the bank properly exercised the statutory power of sale, based on

the affidavit of sale.  See G. L. c. 183, §§ 21, 54B; G. L.
c. 244, §§ 14, 15.

Conclusion.  The judge correctly determined that both the
Option One assignment and the Sand Canyon assignment, as well as
the foreclosure deed and the affidavit of sale, were executed by
individuals holding offices of the types required by G. L.
c. 183, § 54B, and that all of those documents were notarized.
Option One and Sand Canyon were therefore bound conclusively by
the recorded assignments.  The assignments may have been
theoretically voidable by a party of interest and having
standing but they were not void.  Since the assignments were not
void, Anderson had no standing to contest their validity and had
no right to discovery beyond what was recorded pursuant to the
statute.[5]

Judgment affirmed.

---

[5] The bank's request for appellate attorney's fees and
double costs is denied.