NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-693

PHOENIX DEVELOPMENT, INC.

vs.

PRINCE GOLPHIN, JR., & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Phoenix Development, Inc., filed this postforeclosure summary process action in the Housing Court, naming the former owners of the property, Prince and Tammy Golphin, as defendants.  Summary judgment entered in favor of the plaintiff for possession.  After an evidentiary hearing on damages, judgment entered and the defendants appealed. Defendant Prince Golphin died after filing a brief, and there is some ambiguity in the record whether Tammy Golphin properly entered an appeal and joined in that brief.  To the extent that this appeal is properly before us, that we discern preserved

_____

[1] Tammy L. Golphin.

challenges to the judge's rulings in the defendants' dense briefing, and that the defendants have provided us with a record adequate to review them, we discern no error.  As a result, we affirm.

Background.  The plaintiff filed its summary process complaint on December 10, 2018.  The defendants answered the complaint and later filed an amended answer.[2]

The defendants moved to dismiss the complaint in September 2019 and again in December 2019.  In the first motion, the defendants challenged the plaintiff's standing to bring the summary process action, alleging defects in the chain of assignments of their mortgage.  In the second motion to dismiss, the defendants reiterated their challenges to the plaintiff's standing and the chain of assignments; they also argued that the plaintiff failed to meet statutory requirements for foreclosure and that the plaintiff's failure to plead and prove a breach of the defendants' loan modification was fatal to its claims.  The judge held a hearing on each motion and denied each with an order referring to "the reasons stated on the record."  The defendants have not, however, provided us with the transcripts of any of those hearings, and so the record is silent on the

_____

[2] The defendants were unrepresented in the Housing Court and, until the filing of an appellate reply brief by Tammy Golphin, in this court.

arguments made at either hearing and on the judge's reasons for denying the defendants' motions to dismiss. See Mass. R. A. P. 18 (c), as appearing in 481 Mass. 1637 (2019).

On February 2, 2021, the plaintiff moved for partial summary judgment on the issue of possession. The defendants opposed the motion, challenging only the validity of the chain of assignments of their mortgage "from 2009 thru 2017" and "the veracity of the blank endorsement on the note presented in 2018." Following the summary judgment hearing,[3] the judge denied the motion based on the plaintiff's failure to produce evidence "outlining a consistent chain of assignments."[4]

In December 2022, after additional motion practice, the plaintiff filed a second motion for partial summary judgment on the issue of possession. The docket reflects that the defendants opposed the motion, but the defendants did not include a copy of their opposition in the appellate record. See Commonwealth v. Woody, 429 Mass. 95, 97 (1999) ("it is the appellant's responsibility to ensure that the record is adequate for appellate review"). The judge granted summary judgment on possession in favor of the plaintiff, based on his determination

---

[3] As we have noted, we do not have a copy of the transcript of that hearing.

[4] The judge did not determine that any of the assignments was void.

3

that the plaintiff had shown that the defendants' mortgage had been validly assigned from the original mortgagee to the foreclosing entity.  We infer from the record that the defendants relied on the same argument in their oppositions to both motions for summary judgment.

Final judgment entered after a determination of the use and occupancy for which the defendants were responsible, and this appeal followed.

Discussion.  1.  Motion to dismiss.  Although the defendants' briefing focuses on their challenge to the judge's order allowing the plaintiffs' second motion for summary judgment, it appears to us that their argument also includes some claims relating to issues raised in their unsuccessful motions to dismiss the complaint.  To the extent that they do so, the record is inadequate to allow us to review those rulings; the judge's explanations were apparently made orally at motion hearings for which the defendants have not provided transcripts.  See Mass. R. A. P. 18 (a), as appearing in 481 Mass. 1637 (2019); Mass. R. A. P. 8 (b), as appearing in 481 Mass. 1611 (2019).  See also Chokel v. Genzyme Corp., 449 Mass. 272, 279 (2007) ("When a party fails to include a document in the record appendix, an appellate court is not required to look beyond that appendix to consider the missing document").  Cf. R.M. Packer Co. v. Marmik, LLC, 88 Mass. App. Ct. 654, 655 n.2

4

(2015) (factual findings of judge in jury-waived trial "are in essence unreviewable because the trial transcript was not included in the appellate record").  In the absence of an adequate record on appeal, we decline to disturb the judgment on the basis of the defendants' challenge to the orders denying their motions to dismiss.

2.  Partial summary judgment as to possession.  a. Standard of review.  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and responses to requests for admission . . . , together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Mass. R. Civ. P. 56 (c), as amended, 436 Mass. 1404 (2002).

In conducting our de novo review of the judge's decision, we "view[] the evidence in the light most favorable to the nonmoving party" (citation omitted), Bank of N.Y. v. Bailey, 460 Mass. 327, 331 (2011), resolving any doubts about the existence of a genuine issue of material fact against the plaintiff, as the moving party.[5]  Milliken & Co. v. Duro Textiles, LLC, 451

---

[5] Given this standard, neither the motion judge nor an appellate judge makes determinations as to the weight or credibility of the evidence supporting or opposing summary judgment, and no evidentiary hearing is conducted.  See Kernan v. Morse, 69 Mass. App. Ct. 378, 382 (2007).

Mass. 547, 550 n.6 (2008). "Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a material fact in order to defeat the motion." Drakopoulos v. U.S. Bank Nat'l Ass'n, 465 Mass. 775, 777-778 (2013), quoting SCA Servs., Inc. v. Transportation Ins. Co., 419 Mass. 528, 531 (1995). Having conducted the required review, we discern no basis on which to disturb the judgment.

b. Arguments preserved for review. As we have noted, the defendants provided us with neither a copy of their opposition to the plaintiff's second motion for summary judgment nor a transcript of the summary judgment motion hearing.[6] In a postforeclosure summary process action, "the only legal issue for the court is whether the mortgagee obtained title to the property in strict accordance with the power of sale." U.S. Bank Nat'l Ass'n v. Schumacher, 467 Mass. 421, 429 (2014). "[A] plaintiff in a postforeclosure summary process case may make a prima facie showing of its right to possession by producing an attested copy of the recorded foreclosure deed and affidavit of sale under G. L. c. 244, § 15." Federal Nat'l Mtge. Ass'n v. Hendricks, 463 Mass. 635, 637 (2012) (Hendricks). The

_____

[6] This despite the fact that the defendants ordered a transcript of that hearing and the Housing Court's docket reflects that the transcripts were prepared and received.

6

defendants do not appear to challenge the plaintiff's prima facie case, and to the extent that they do, their arguments are unpersuasive.  The summary judgment record includes copies of the required documents.[7]

On the limited record before us, we infer that the defendants' challenge to the second motion for summary judgment was limited to arguing that the plaintiff lacked standing because one or more of the assignments in the chain of assignments from the original mortgagee to the foreclosing entity was allegedly void.  Accordingly, we limit our review to that issue.  See Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006) (arguments not raised in trial court are deemed

---

[7] Indeed, the plaintiff's showing that it acted in strict compliance with the power of sale in the defendants' mortgage and the related statutes is well beyond the prima facie level. The record includes a notice of default and ninety-day right to cure that met the requirements of paragraph 22 of the defendants' mortgage.  See Pinti v. Emigrant Mtge. Co., 472 Mass. 226, 237 (2015).  It also includes notarized affidavits by duly authorized representatives of the foreclosing entity averring that it complied with the notice requirements of G. L. c. 244, § 14, and G. L. c. 244, §§ 35B, and 35C, as inserted by St. 2012, c. 194, § 2, before the foreclosure, as well as a certification pursuant to 209 Code Mass. Regs. § 18.21A(2)(c) (2013), concerning unfair loan servicing practices.  See, e.g., U.S. Bank Nat'l Ass'n v. Ibanez, 458 Mass. 637, 647-648 (2011). Finally, as we note below, the plaintiff established that the foreclosing entity held both the mortgage and the note at the time of the foreclosure, see Eaton v. Federal Nat'l Mtge. Ass'n, 462 Mass. 569, 582-583 (2012), and the plaintiff submitted an affidavit of sale complying with G. L. c. 244, § 15.  See Hendricks, 463 Mass. at 641-642.

7

waived on appeal).  See also Commonwealth v. Keevan, 400 Mass. 557, 562 n.4 (1987) (appellate argument "cannot be raised for the first time in the reply brief").

c.  Chain of assignments.  The summary judgment record establishes an unbroken chain of valid assignments of the defendants' mortgage, from the original mortgagee to the foreclosing entity.[8]  It is undisputed that in July 2006 the plaintiffs granted a note to WMC Mortgage Corp., secured by a mortgage on 248 King Street in Springfield, with Mortgage Electronic Registration Systems, Inc. (MERS), acting as a nominee for the lender and as the mortgagee.  The mortgage was recorded in the Hampden County registry of deeds (registry).

The plaintiff provided evidence -- in the form of attested copies of notarized documents executed by authorized signatories for the transferring parties and recorded at the registry, see G. L. c. 183, § 54B -- to show that the defendants' mortgage was assigned by MERS to Deutsche Bank National Trust Company, as Trustee for HASCO Mortgage Pass-Through Certificates, Series

---

[8] Although we discern no defects in the chain of assignments here, we note that even if we were to do so, the defendants' ability "to challenge the validity of the assignment process" would be limited to demonstrating that the challenged assignments were void, and not merely voidable.  Bank of N.Y. Mellon Corp. v. Wain, 85 Mass. App. Ct. 498, 503 (2014) (Wain).

8

2006-HE2 (HASCO),[9] on January 5, 2009, and by HASCO to Deutsche Bank National Trust Company, as Trustee for HSI Asset Securitization Corporation Trust 2006-HE2, Mortgage Pass-Through Certificates, Series 2006-HE2 (HSI), on April 14, 2017.[10] See Rosa v. Mortgage Elec. Sys., Inc., 821 F. Supp. 2d 423, 430 (D. Mass. 2011) ("A mortgage assignment is valid as long as it complies with the requirements of [G. L. c.] 183, § 54B"). The plaintiff also provided admissible evidence to show that on October 24, 2018, HSI foreclosed on the property by auction and subsequently recorded a foreclosure deed to the plaintiff, Phoenix Development, Inc.[11] This evidence, which the defendants have not successfully rebutted with allegations of specific facts, see Drakopoulos, 465 Mass. at 778, was sufficient to establish the existence of an unbroken chain of title to the

---

[9] The defendants assert, without record support, that HASCO was a "non-existent entity." This bald assertion is inadequate to defeat summary judgment. See Cannata v. Berkshire Natural Resources Council, Inc., 73 Mass. App. Ct. 789, 792 (2009).

[10] In a July 10, 2017, affidavit notarized and recorded at the registry, a vice president of Wells Fargo Bank averred that HSI then held the promissory note securing the defendants' mortgage. Based on the summary judgment record, the defendants did not preserve a challenge to the validity of this affidavit or to any evidence of the note itself.

[11] The defendants do not appear to contest the plaintiff's evidence showing that the high bidder at the auction assigned the bid to the plaintiff and that the plaintiff recorded a foreclosure deed to the property.

foreclosing entity, HSI, and thus the validity of the assignments in that chain.[12]  See Bank of N.Y. Mellon Corp. v. Wain, 85 Mass. App. Ct. 498, 503 (2014).  The defendants' challenge to the plaintiff's standing on the basis of void assignments thus fails.  Cf. U.S. Bank Nat'l Ass'n v. Ibanez, 458 Mass. 637, 648-652 (2011) (Ibanez) (plaintiff had no authority to foreclose where it presented no evidence of link in purported chain of assignments).

The defendants' argument that a "confirmatory assignment" executed by an authorized representative of MERS to HSI on December 27, 2011, and recorded at the registry broke the chain of assignments is likewise unavailing.  MERS assigned its interest in the defendants' mortgage to HASCO in 2009.  Despite the notation on the confirmatory assignment that it was being recorded "to correct the assignee" of the assignment from MERS

---

[12] Given our conclusion on this point, we conclude that the defendants, who do not challenge their status as "mortgagor[s] in default," have "no legally cognizable stake in whether there otherwise might be latent defects in the assignment process." Wain, 85 Mass. App. Ct. at 502.  See id. at 503 (in challenge to validity of foreclosure, homeowner unable to show that assignment is void and not merely voidable "cannot otherwise seek to challenge the validity of the assignment process").  Accordingly, even if the defendants had not waived their arguments about such alleged defects as the validity of an "endorsement in blank" on the note and the need for "wet ink" signatures on the operative documents, they would not have standing to raise them.  See Wells Fargo Bank, N.A. v. Anderson, 89 Mass. App. Ct. 369, 372 (2016).

to HASCO, we are aware of no precedent enabling MERS to "confirm" an assignment by designating a third party in place of the original assignee.  See LaRace v. Wells Fargo Bank, N.A., 99 Mass. App. Ct. 316, 327 (2021) (for assignment to be "confirmatory," it must confirm existing valid assignment).  Perhaps more to the point, because MERS had no interest in the defendants' mortgage once it executed the assignment to HASCO in 2009, the "confirmatory assignment" transferred nothing and was invalid.  See Ibanez, 458 Mass. at 650, 654.

Judgment affirmed.

By the Court (Hand, Hodgens & Tan, JJ.[13]),

Paul Little

Clerk

Entered:  January 14, 2026.

---

[13] The panelists are listed in order of seniority.